UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Petitioner,                    Case No. 1:07-MC-06

v                                    Hon. Gordon J. Quist

STEVEN DECANTER,

                Respondent.

_____/

**REPORT AND RECOMMENDATION**

This is a proceeding to judicially enforce an Internal Revenue Service summons issued May 9, 2006 by Rebecca Mayer, a Revenue Officer of the Internal Revenue Service, to the respondent, a resident of Kent County, Michigan, pursuant to 26 U.S.C. § 7602.  The summons arises out of an investigation into the tax liability of the respondent for calendar years ending December 31, 1997, through December 31, 2005.  The summons was served on respondent by Revenue Officer Mayer, on May 9, 2006, but he failed to appear as scheduled.

A petition to enforce the summons was filed in this court pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) on January 22, 2007.  On February 2, 2007, an Order to Show Cause was entered directing respondent to show cause why he should not be compelled to obey the summons.  Respondent appeared at a hearing on the show cause order on April 12, 2007.[1]

---

[1]On March 6, 2007, the initial date of the hearing on the Order to Show Cause, respondent filed a motion to dismiss for insufficiency of process, correctly pointing out that he had not been served with a copy of the petition and exhibits which were to have been attached to the Order to Show Cause.  On the same date, the Assistant U.S. Attorney served these documents on the respondent, and he acknowledged receipt of them.  The court then adjourned the Show

On the basis of the petition, the declarations of Rebecca Mayer, and the testimony and evidence offered at the hearing, I find petitioner has satisfied its burden of establishing a *prima facie* case that the investigation of the respondent referred to in the petition is being conducted pursuant to a legitimate purpose, that the information which petitioner seeks by use of the summons served on the respondent is relevant to that purpose, that the information sought thereby is not already within the possession of the Internal Revenue Service, and that the administrative steps required by the Internal Revenue Code to obtain such information have been followed. *See, e.g., United States v. Powell,* 379 U.S. 48, 57-58 (1964); *United States v. Garden State National Bank,* 607 F.2d 61, 68 (3rd Cir. 1979). I further find that there is no referral for criminal prosecution of the taxpayer for the years under investigation in effect at this time. I further find respondent was adequately served with an attested copy of the summons and that he failed to appear in response thereto.

Once a *prima facie* case has been established, the burden shifts to the respondent to disprove one of the elements of the government's *prima facie* showing or show that enforcement of the summons would be an abuse of the court's process. *See, LaMura v. United States,* 265 F.2d 974, 979-80 (11th Cir. 1985)(citations omitted). In response to the government's petition, respondent has twice appeared in court, has filed two letters with a number of other documents to refute the government's allegations, and has filed two motions, the most recent being a Petition to Quash Summons (Docket No. 15), which was filed after the hearing.

Respondent's defenses are frivolous and require little comment. For example, he

---

Cause Hearing until April 12, 2007, to allow respondent an opportunity to review the documents. I recommend the motion to dismiss for insufficiency of process (Docket No. 8) now be DISMISSED as moot.

alleges that the "summons is in want of political jurisdiction" and that "[t]here is no substantiation contained therein which proves that STEVEN DECANTER is a citizen/resident of the UNITED STATES and subject to its jurisdiction."  Respondent's letter dated March 8, 2007.  The authority of the Internal Revenue Service to utilize administrative summonses to inquire pertaining to persons who may be liable to pay an Internal Revenue tax, 26 U.S.C. § 7601, and the jurisdiction of this court to enforce such summonses, is well established.  The Secretary of the Treasury, or the Internal Revenue Service as his designee, may "examine any books, papers, records or other data which may be relevant or material to. . ." ascertaining the correctness of any return and may issue summonses to those "in possession, custody, or care" thereof to appear and produce them to the IRS.  *LaMura, supra,* 978-979 (quoting 26 U.S.C. § 7602).  *See, also, UmLauf v. United States,* 1999 WL 501011 (W.D. Mich. 1999).  In turn, this court has jurisdiction to enforce an Internal Revenue Service summons.  26 U.S.C. § 7402(b) states:

> If any person is summoned under the Internal Revenue Laws to appear, to testify, or to produce books, papers or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

*See also,* § 7604(a).  "As a constitutional matter, a federal court may exercise *in persona* jurisdiction over an individual if the individual had adequate contacts with the district such that assertions of jurisdiction would not impose an unfair burden.  *Handley v. Indiana & Michigan Elec. Co.,* 732 F.2d 1265 (6th Cir. 1984).  As a formal matter, the district court obtains jurisdiction over an individual in a summons enforcement act by service of process upon him. . . " *United States v. VanderZand,* 1997 WL 572692 (W.D. Mich. June 3, 1997).  Respondent is a resident of Kent County which is within the jurisdiction of the Western District of Michigan.  He was served with an attested copy of

the Internal Revenue Service summons at his residence on May 9, 2006.  This court has jurisdiction over him.

Respondent also argues that the summons was not accompanied by an order issued by a court of competent jurisdiction and that Internal Revenue Service summonses have no force or effect unless the Internal Revenue Service seeks to enforce them through a § 7604 proceeding.  That, of course, is precisely what the present petition seeks to do.

Plaintiff also apparently contends that Rebecca Mayer did not have authority to issue a summons to him.  However, as Rebecca Mayer stated in her declaration and in her testimony on April 12, 2007, she is a Revenue Officer of the Internal Revenue Service.  The Internal Revenue Code authorizes the Secretary of the Treasury, or his delegate, to issue administrative summonses for the purpose of ascertaining the correctness of any return or determining the liability of any person for any Internal Revenue tax.  26 U.S.C. § 7602.  *VanManen v. United States,* No. 93-2333, 1994 WL 151352, at *2 (6th Cir., April 27, 1994).  As a Revenue Officer, Rebecca. Mayer has been delegated authority to issue and serve summonses as she did in this case.  *See* 26 U.S.C. § 7602; 26 CFR §§ 301.7602-1(b), 301.7701-9(b); *Darland v. United States,* 1996 WL 498430, at *2 (W.D. Mich., January 10, 1996); *UmLauf v. United States,* 1999 U.S. Dist. Lexus 9059* (W.D. Mich., May 28, 1999); *United States v. VanderZand, supra.  See also*, Delegation Order No. 4 Rev 22, 1997 WL 33479254 (IRS DLO).  Respondent's assertion that Revenue Officer Mayer lacked the power to issue a summons is without merit.

Respondent also raises the long discredited argument that the IRS can issue a summons only with respect to alcohol, tobacco and firearms taxes, and government employees, citing 27 CFR Part 70.  It is well established, however, that a summons can be issued to determined

4

the tax liability of "any person." *Tiffany Fine Arts, Inc. v. United States,* 469 U.S. 310, 311 (1985). *See, also, UmLauf v. United States, supra; Russell v. United States* (1994) WL 750673 at *2 (W.D. Mich., November 23, 1994), and *United States v. VanderZand, supra.*

        Petitioner having failed to raise any legitimate argument to demonstrate why the summons should not be enforced, I respectfully recommend that the Petition to Enforce Internal Revenue Service Summons (Docket No.1) be GRANTED, respondent's Petitioner to Quash Summons (docket no.15) be DENIED, an order be entered compelling respondent to comply with the terms of the summons heretofore served upon him, and that said order specify state a time, date and place for such compliance.

        I further recommend that respondent's motion to dismiss for insufficiency of process (Docket No. 8) referred to in Footnote 1, *supra,* be DENIED as moot.

Entered:  July 13, 2007        /s/ Hugh W. Brenneman, Jr.
                       HUGH W. BRENNEMAN, JR.
                       United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).